UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT,<br><br>              Plaintiff,<br><br>     v.<br><br>CONSTELLATION PHARMACEUTICALS, INC., SCOTT N. BRAUNSTEIN, MARK A. GOLDSMITH, JIGAR RAYTHATHA, RICHARD S. LEVY, ELIZABETH G. TRÈHU, JAMES E. AUDIA, and STEVEN L. HOERTER,<br><br>              Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Kent ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Constellation Pharmaceuticals, Inc. ("Constellation" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, Plaintiff seek to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which MorphoSys AG ("MorphoSys") will acquire Constellation through its subsidiary MorphoSys Development Inc. ("Purchaser") (the "Proposed Transaction").[1]

---

[1] Non-party MorphoSys is a German corporation with its principal executive offices located at Semmelweisstrasse 7, 82152 Planegg, Germany. MorphoSys' common stock is traded on the Nasdaq Global Select Market under the ticker symbol "MOR." Non-party Purchaser is a Delaware

2. On June 2, 2021, Constellation and MorphoSys jointly announced their entry into an Agreement and Plan of Merger (the "Merger Agreement") dated June 2, 2021, to sell Constellation to MorphoSys. Under the terms of the Merger Agreement, MorphoSys will acquire all outstanding shares of Constellation for $34.00 in cash per share of Constellation common stock (the "Offer Price"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on June 16, 2021. The Tender Offer is scheduled to expire at one minute after 11:59 p.m. New York City Time on July 14, 2021.[2]

3. On June 16, 2021, Constellation filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Constellation stockholders tender their shares in the Tender Offer, omits or misrepresents material information essential and critical to the decision whether to approve the Proposed Transaction. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated.

---

corporation and an indirect wholly owned subsidiary of MorphoSys.

[2] The value of the Proposed Transaction is approximately $1.7 billion.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Constellation.

10. Defendant Constellation is a clinical-stage biopharmaceutical company that develops novel therapeutics. Constellation is incorporated in Delaware, and has its principal executive offices located at 215 First Street, Suite 200, Cambridge, Massachusetts 02142. The Company's common stock trades on the Nasdaq Global Select Market under the ticker symbol "CNST."

11. Defendant Scott N. Braunstein ("Braunstein") has been a director of the Company since February 2019.

12. Defendant Mark A. Goldsmith ("Goldsmith") has been a director of the Company since July 2009. Defendant Goldsmith also previously served as President and Chief Executive Officer ("CEO") of the Company from June 2009 to March 2012 and as Interim Executive Chairman from June 2016 to March 2017.

13. Defendant Jigar Raythatha ("Raythatha") has been President, CEO, and a director of the Company since March 2017. Defendant Raythatha also previously served as the Company's Head of Corporate Development from March 2009 to February 2013.

14. Defendant Richard S. Levy ("Levy") has been a director of the Company since April 2020.

15. Defendant Elizabeth G. Tréhu ("Tréhu") has been a director of the Company since September 2018.

16. Defendant James E. Audia ("Audia") has been a director of the Company since July 2017.

17. Defendant Steven L. Hoerter ("Hoerter") has been a director of the Company since September 2018.

18. Defendants identified in paragraphs 11 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On June 2, 2021, Constellation and MorphoSys jointly announced in relevant part:

> Planegg/Munich, Germany and Cambridge, Mass. - June 2, 2021 - MorphoSys AG (FSE: MOR; NASDAQ: MOR) ("MorphoSys"), and Constellation Pharmaceuticals, Inc., (NASDAQ: CNST) ("Constellation") today announced that they have entered into a definitive agreement whereby MorphoSys will acquire Constellation for $34.00 per share in cash, which represents a total equity value of $1.7 billion. The transaction has been unanimously approved by the Management Board (Vorstand) and the Supervisory Board (Aufsichtsrat) of MorphoSys, as well as the Board of Directors of Constellation and is expected to close in the third quarter of 2021.
>
> Constellation is a clinical-stage biopharmaceutical company using its expertise in epigenetics to discover and develop novel therapeutics that address serious unmet medical needs in patients with various forms of cancer. Constellation's two lead product candidates, pelabresib (CPI-0610), a BET inhibitor, and CPI-0209, a second-generation EZH2 inhibitor, are in mid- to late-stage clinical trials and have broad therapeutic potential to offer meaningful benefits to patients with various hematological and solid tumors. Pelabresib has the potential to be a first- and best-in-

class BET inhibitor and is currently in a Phase 3 clinical trial for myelofibrosis, a bone marrow cancer that disrupts the body's normal production of blood cells. The EZH2 inhibitor CPI-0209 is currently in Phase 2 with best-in-class potential for treating hematological and solid tumors. Constellation's pipeline also includes numerous preclinical compounds.

"This transformational acquisition represents a major step forward for MorphoSys as we bolster our position in hematology-oncology," said Jean-Paul Kress, M.D., Chief Executive Officer of MorphoSys. "Both pelabresib and CPI-0209 have broad potential and we look forward to unlocking their full benefits for cancer patients. Our existing clinical and commercial expertise is ideally suited to accelerate Constellation's programs, enabling us to maximize Constellation's potential and bring these novel therapies to market. With Constellation's high-potential product candidates, complementary R&D capabilities, and outstanding team, we can further advance our mission in the fight against cancer."

"We are proud that MorphoSys has recognized the strength of our team, our expertise in epigenetics, and our high-potential oncology development pipeline and discovery programs," said Jigar Raythatha, President and Chief Executive Officer of Constellation. "Becoming part of MorphoSys creates an industry leader with commercial capabilities, a deep R&D pipeline and complementary small molecule and biologics discovery and translational capabilities, as well as the financial strength to compete to win. Our shareholders will receive attractive, immediate and certain cash value for their shares, the employees of the combined entity will have a broader platform and greater opportunities, and patients will potentially benefit from innovative new therapies that address serious unmet needs."

**Strategic Funding Partnership with Royalty Pharma**

MorphoSys also announced that it has entered into a long-term strategic funding partnership with Royalty Pharma plc (Nasdaq: RPRX) ("Royalty Pharma") (together with the Constellation transaction, the "Transactions"). The terms of the agreement between MorphoSys and Royalty Pharma provide for the following, under certain conditions and upon closing of the transaction with Constellation:

- **$1.425 Billion Upfront Payment:** Royalty Pharma will make a $1.425 billion upfront payment to MorphoSys, supporting its growth strategy. The proceeds will be used to support the financing of the Constellation transaction and development of the combined pipeline.

- **$350 Million Development Funding Bonds:** Royalty Pharma will provide MorphoSys with access to up to $350 million in Development Funding Bonds with the flexibility to draw over a one-year period.

- **Milestone Payments:** Royalty Pharma will make additional payments of up to $150 million to MorphoSys upon reaching clinical, regulatory and commercial milestones for otilimab, gantenerumab and pelabresib.

- **Royalties:** Royalty Pharma will have the rights to receive 100% of MorphoSys' royalties on net sales of Tremfya(R), 80% of future royalties and 100% of future milestone payments on otilimab, 60% of future royalties on gantenerumab, and 3% on future net sales of Constellation's clinical stage assets (pelabresib and CPI-0209).

- **Equity Investment:** After completion of the transaction and subject to the required approvals of the management board (Vorstand) and the supervisory board (Aufsichtsrat) of MorphoSys, Royalty Pharma is expected to invest $100 million in a cash capital increase of MorphoSys under an authorization to exclude subscription rights of existing shareholders.  The new MorphoSys shares will be listed on the Frankfurt Stock Exchange.

Jean-Paul Kress continued, "We are thrilled to announce this partnership with Royalty Pharma, which is providing more than $2 billion to fuel our proprietary drug development and commercialization.  We are confident they will be a strong financial partner for years to come, enabling us to fund our growth and - with the addition of Constellation's innovative pipeline - bring our attractive new candidates to patients."

"In acquiring Constellation, MorphoSys has a significant opportunity to drive clinical and commercial success," said Pablo Legorreta, Chief Executive Officer of Royalty Pharma.  "We are excited to join forces to further advance the combined company's pipeline and positively impact patients."

Benefits of the Transaction

- **Accelerates Growth Strategy with Exciting Mid- to Late-Stage Product Candidates.**  The transaction accelerates MorphoSys' strategy to grow through proprietary drug development and commercialization.  Constellation's lead product candidates, pelabresib and CPI-0209, have broad potential, with expected approvals across a range of oncology indications in the coming years.  Constellation's lead compounds fit well with MorphoSys' proven clinical development, regulatory and commercial capabilities, and MorphoSys is well positioned to rapidly advance and unlock the potential of the Constellation portfolio.

- **Bolsters Position in Hematology-Oncology and Expands into Solid Tumors.**  Constellation adds an attractive, complementary pipeline of highly innovative late- to early-stage cancer therapy candidates, augmenting MorphoSys' existing pipeline in hematologic malignances and expanding into potential therapies for solid tumors.

- **Strengthens Cutting-Edge Research and Development Organization.**  The transaction leverages MorphoSys' expertise in biologics and Constellation's expertise in epigenetics and small molecule discovery platforms to develop a broad range of oncology therapies. Constellation adds exciting, pioneering science and

attractive preclinical compounds targeting epigenetic regulators.  Together, MorphoSys' and Constellation's highly talented research and development teams will strengthen earlier stage and emerging science to bring exciting new cancer therapies to patients.

- **Anchored by Strategic Funding Partnership.** Royalty Pharma's strategic funding partnership will fuel the expansion of the combined company's capabilities to help accelerate the development, approval and commercial reach of breakthrough cancer treatments.  This long-term commitment will help deliver significant value to all stakeholders.

**Transaction Details**

Under the terms of the merger agreement, an indirect wholly-owned subsidiary of MorphoSys will promptly commence a tender offer to acquire all of the outstanding shares of Constellation's common stock at a price of $34.00 per share in cash. Following successful completion of the tender offer, MorphoSys will acquire all remaining shares not tendered in the offer through a second step merger at the same price as in the tender offer.

MorphoSys plans to pay an all-cash consideration for the transaction.  The tender offer is not subject to a financing condition.

The purchase price of $34.00 per share in cash represents a premium of approximately 70% to Constellation's volume-weighted average price for the last five trading days.

Consummation of the tender offer is subject to various conditions including a minimum tender of at least a majority of outstanding Constellation shares, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and the receipt of any approvals or clearances required to be obtained under the applicable antitrust laws, and other customary conditions.  The transaction is expected to close in the third quarter of 2021.

Following close, MorphoSys will remain headquartered in Munich, Germany, and will maintain a significant commercial and R&D presence in Boston, Massachusetts.

**Advisors**

Goldman Sachs Bank Europe SE acted as financial advisor to MorphoSys and Skadden, Arps, Slate, Meagher & Flom LLP as its legal advisor.  Centerview Partners LLC acted as financial advisor to Constellation and Wachtell, Lipton, Rosen & Katz as its legal advisor.  Goodwin Procter LLP acted as legal advisor to Royalty Pharma.

**The Recommendation Statement Contains Material Misstatements or Omissions**

28.     The defendants filed a materially incomplete and misleading Recommendation

Statement with the SEC and disseminated it to Constellation's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal.

29. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) Constellation management's financial projections, relied upon by the Company's financial advisor, Centerview Partners LLC ("Centerview") in its financial analyses; (b) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Centerview; and (c) the background of the Proposed Transaction.

*Material Omissions Concerning Constellation Management's Financial Projections*

30. The Recommendation Statement omits material information regarding Company management's financial projections relied upon by Centerview for its financial analyses. For example, with respect to each of the "Management Projections: Case 1" and "Management Projections: Case 2," the Recommendation Statement fails to disclose: (a) the quantification of the risk-adjustments made to the projections; (b) net operating losses; and (c) the line items underlying (a) EBIT and (b) unlevered free cash flow.

31. The omission of this information renders the statements in the "Management Projections" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Centerview's Financial Analyses*

32. The Recommendation Statement describes Centerview's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Centerview's fairness opinion and analyses fails to include key inputs and assumptions underlying

these analyses. Without this information, as described below, Constellation's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Centerview's fairness opinion in determining whether to tender their shares in the Tender Offer or seek appraisal.

33. With respect to Centerview's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (a) the inputs and assumptions underlying the discount rate range of 11.0% to 13.0%; (b) the present value of the estimated cost of a $200 million equity raise in 2025 in the "Management Projections: Case 1" and a $350 million equity raise in 2025 in "Management Projections: Case 2"; and (c) the number of fully-diluted outstanding Company shares utilized in the analysis.

34. With respect to Centerview's *Analyst Price Target Analysis*, the Recommendation Statement fails to disclose: (a) each of the analyst price targets observed; and (b) the sources thereof.

35. The omission of this information renders the statements in the "Opinion of Centerview Partners LLC" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

36. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

37. For example, the Company entered into confidentiality agreements with parties referred to in the Recommendation Statement as "Party E" and "Party F." Yet, the Recommendation Statement fails to disclose whether the confidentiality agreements executed by these potential counterparties include "don't-ask, don't-waive" ("DADW") standstill provisions that are presently precluding any of these potential counterparties from submitting a topping bid for the Company.

38. The failure to disclose the existence of DADW provisions creates the false impression

9

that any of the potential bidders who entered into confidentiality agreements could make a superior proposal for the Company.  If those confidentiality agreements contain DADW provisions, then those potential bidders can only make a superior proposal by (a) breaching the confidentiality agreement—as in order to make the superior proposal, they would need to ask for a waiver, either directly or indirectly; or by (b) being released from the agreement, which if action has been done, is omitted from the Recommendation Statement.

39.     Any reasonable Constellation stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information.

40.     The omission of this information renders the statements in the "Background of the Offer and the Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

41.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Constellation stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

20.     Plaintiff repeats all previous allegations as if set forth in full.

21.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Constellation stockholders to tender their shares in the Tender Offer.

22. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

23. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

24. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

25. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Constellation, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

26. Plaintiff repeats all previous allegations as if set forth in full.

27. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in

connection with the Tender Offer.

28. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

29. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

### COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

30. Plaintiff repeats all previous allegations as if set forth in full.

31. The Individual Defendants acted as controlling persons of Constellation within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Constellation and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

32. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

33. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

34. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

35. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

36. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Constellation, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  June 30, 2021　　　　　　　　　　　　**LONG LAW, LLC**

　　　　　　　　　　　　　　　　　By  */s/ Brian D. Long*
　　　　　　　　　　　　　　　　　　　Brian D. Long (#4347)
　　　　　　　　　　　　　　　　　　　3828 Kennett Pike, Suite 208
　　　　　　　　　　　　　　　　　　　Wilmington, DE 19807
　　　　　　　　　　　　　　　　　　　Telephone: (302) 729-9100
　　　　　　　　　　　　　　　　　　　Email: BDLong@longlawde.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*